# IN THE UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA

CASE NO. _____

**ARTHUR EISENSTEIN**,

    Plaintiff,

vs.

**UNIFORM SECURITY AGENCY, LLC**,
a Florida Limited Liability Company,
**MARK APPLEBAUM**, individually and
**ROSALIE APPLEBAUM**, individually,

    Defendants.
_____/

## COMPLAINT

**ARTHUR EISENSTEIN** ("Plaintiff"), by and through the undersigned counsel, hereby sues **UNIFORM SECURITY AGENCY, LLC** ("USA" or the "Company"), a Florida Limited Liability Company, **MARK APPLEBAUM** ("Mark Applebaum"), individually, and **ROSALIE APPLEBAUM** ("Rosalie Applebaum"), individually (collectively "Defendants") and alleges as follows:

## INTRODUCTION

1. This is an action for unpaid overtime wages pursuant to the Fair Labor Standards Act, 29 U.S.C. §§ 201 *et seq.* ("FLSA").

2. Plaintiff seeks damages within this Court's jurisdiction, reasonable attorneys' fees and costs pursuant to the FLSA, and all other remedies allowable by law.

PERERA BARNHART ALEMÁN
12401 Orange Drive· Suite 123 · Davie, FL 33330
300 Sevilla Avenue · Suite 206 · Coral Gables, FL 33134
www.pba-law.com · Phone (786) 485.5232

## PARTIES, JURISDICTION, AND VENUE

3. USA is and was a Florida limited liability company conducting business in Palm Beach County, Florida during the relevant period, September 1, 2019 through March 4, 2020.

4. During the relevant period, Rosalie Applebaum was the Managing Member and general co-operator of the company, USA.

5. During the relevant period, Mark Applebaum was the Chief Operations Officer and general co-operator of the company, USA.

6. Plaintiff was formerly employed by Defendants and performed work for Defendants in Palm Beach County, Florida.

7. Venue is proper in this Court because Defendants transact business in this District, Defendants maintain a principal place of business in this District, Defendants employed Plaintiff in this District, and the claims arose within the District.

## GENERAL ALLEGATIONS

### A. USA's Business and Interstate Commerce

8. USA operates as a company specializing in property protection, personal security, and other security monitoring.

9. USA's gross annual revenue exceeded $500,000.00 during 2019 and is expected to exceed $500,000.00 during 2020.

10. USA customarily and regularly sold goods and services across state lines.

2 | Page

PERERA BARNHART ALEMÁN
12401 Orange Drive· Suite 123 · Davie, FL 33330
300 Sevilla Avenue · Suite 206 · Coral Gables, FL 33134
www.pba-law.com · Phone (786) 485.5232

11. At all relevant times, USA employed two or more employees that customarily, continually, and regularly handled goods and materials that i) were purchased from a person or entity outside the state of Florida and/or ii) were purchased in Florida but had previously traveled through interstate commerce.

12. Upon information and belief, USA obtained and solicited funds from non-Florida sources, accepted funds from non-Florida sources, used telephonic (or other electronic) transmissions going over state lines to do its business, transmitted funds outside the State of Florida, used electronic means to market and run their business in a way that was not limited to Florida, and otherwise regularly engaged in interstate commerce during the relevant period.

13. USA, upon information and belief, accepts checks, wire transfers, and other forms of payments that are made or processed outside the state of Florida, and did so during the relevant period.

14. USA is an employer engaged in interstate commerce and subject to the FLSA.

**B. USA's Employment and Failure to Properly Pay Plaintiff**

15. Plaintiff began working for Defendants in September 2019.

16. Plaintiff was hired to work for Defendants as their "head of security" to aid the business. However, Plaintiff did not execute any exempt duties during his employment. Indeed, Plaintiff was paid an hourly rate of $17.00.

17. Based on the foregoing, Plaintiff cannot be considered exempt from the FLSA's wage & hour protections as he did not meet the primary duty nor salary requirements.

3 | Page

PERERA BARNHART ALEMÁN
12401 Orange Drive· Suite 123 · Davie, FL 33330
300 Sevilla Avenue · Suite 206 · Coral Gables, FL 33134
www.pba-law.com · Phone (786) 485.5232

18. Throughout Plaintiff's employment with Defendants, Plaintiff regularly worked at least fifty (50) hours a week.

19. On many occasions, Plaintiff worked well in excess of fifty (50) hours per week since Defendants required Plaintiff to remain on-call throughout the week. This resulted in Plaintiff receiving work-related phone calls, that required an expeditious response or action, during any part of the day or night, including holidays.

20. USA willfully and intentionally failed to properly record Plaintiff's work hours and provide him with a proper overtime premium for each overtime hour worked.

21. Making matters worse, Plaintiff was informed by the Company that he could work fewer hours in the weeks following a week where he worked overtime to offset the hours worked. The Company's purported scheme fails where: 1) such an arrangement has found to be in violation of the FLSA since it skirts an employer's requirement to record, calculate, and pay overtime wages in the week where the overtime hours were worked; 2) Plaintiff was still not compensated for overtime hours during his employment; and 3) what the Company demanded out of Plaintiff, as to work/on-call hours and associated duties, made it impossible for Plaintiff to work less than forty hours in any given week. Moreover, the Company's proposal is evidence that it knew of, yet did pay, Plaintiff's overtime hours.

22. Plaintiff remained in his employment with USA until March 4, 2020.

PERERA BARNHART ALEMÁN
12401 Orange Drive· Suite 123 · Davie, FL 33330
300 Sevilla Avenue · Suite 206 · Coral Gables, FL 33134
www.pba-law.com · Phone (786) 485.5232

23. USA was responsible for recording Plaintiff's work hours, paying Plaintiff's wages, and ensuring compliance with the FLSA's requirement to calculate and tender overtime wages.

24. USA was Plaintiff's employer, joint employer, or co-employer for purposes of the FLSA as the term employer is defined by 29 U.S.C. § 203.

25. USA intentionally refused to pay Plaintiff overtime wages he was owed under the FLSA.

**C. Mark Applebaum and Rosalie Applebaum's Employment of, and Failure to Properly Pay, Plaintiff**

26. During the relevant period, Mark Applebaum was the Chief Operating Officer and general co-operator of USA.

27. During the relevant period, Rosalie Applebaum was the managing member and general co-operator of USA.

28. Mark Applebaum and Rosalie Applebaum were responsible for running the day-to-day operations of USA.

29. During Plaintiff's employment, Mark Applebaum acted as Plaintiff's supervisor, provided Plaintiff with his work duties, gave feedback on the work Plaintiff performed for Defendants, and was responsible for recording, calculating, and paying Plaintiff's work hours.

30. During Plaintiff's employment, Rosalie Applebaum was responsible for handling the Company's payrolls.

31. On March 4, Mark Applebaum terminated Plaintiff.

32. Mark Applebaum and Rosalie Applebaum intentionally refused to pay Plaintiff overtime wages he was owed under the FLSA.

5 | P a g e

PERERA BARNHART ALEMÁN
12401 Orange Drive· Suite 123 · Davie, FL 33330
300 Sevilla Avenue · Suite 206 · Coral Gables, FL 33134
www.pba-law.com · Phone (786) 485.5232

33. Mark Applebaum and Rosalie Applebaum were partially or totally responsible for paying Plaintiff's wages.

34. Mark Applebaum and Rosalie Applebaum were Plaintiff's employers, joint employer, or co-employer for purposes of the FLSA as the term employer is defined by 29 U.S.C. § 203.

### COUNT I
### OVERTIME VIOLATION BY USA
### UNDER THE FAIR LABOR STANDARDS ACT

35. Plaintiff re-alleges and incorporates by reference the allegations in paragraphs 1 through 3, 6-25 above as if fully set forth herein.

36. As part of its business, USA purchased goods and materials that traveled through interstate commerce.

37. These goods and materials were customarily, continually, and regularly handled by two or more employees, including Plaintiff.

38. Upon information and belief, USA obtained and solicited funds from non-Florida sources, accepted funds from non-Florida sources, used telephonic transmissions going over state lines to do its business, transmitted funds outside the State of Florida, used electronic means to market and run its business in a way that was not limited to Florida, and otherwise regularly engaged in interstate commerce during the relevant period.

39. USA, upon information and belief, accepted credit card payments, wire transfers, and other forms of payments made or processed outside the state of Florida during the relevant.

6 | P a g e
PERERA BARNHART ALEMÁN
12401 Orange Drive· Suite 123 · Davie, FL 33330
300 Sevilla Avenue · Suite 206 · Coral Gables, FL 33134
www.pba-law.com · Phone (786) 485.5232

40. USA is an employer engaged in interstate commerce and subject to the FLSA.

41. During his employment with USA, Plaintiff worked overtime hours for which he was not compensated at a rate of no less than time-and-a-half his regularly rate of pay as required by the FLSA.

42. USA did not compensate Plaintiff for his overtime despite knowledge of the overtime hours Plaintiff worked.

43. Plaintiff is owed unpaid overtime compensation pursuant to the FLSA.

44. In addition, USA is liable for double the overtime amounts owed as liquidated damages under the FLSA as a result of its intentional and willful violations for up to the three-year statute of limitations afforded by the FLSA.

**WHEREFORE,** Plaintiff respectfully requests that the Court:

    a. Enter judgment for Plaintiff against USA under the FLSA;

    b. Award Plaintiff actual damages for the unpaid wages;

    c. Award Plaintiff liquidated damages;

    d. Award Plaintiff his attorneys' fees and costs;

    e. Award Plaintiff all recoverable interest; and

    f. Award any other relief this Honorable Court deems just and proper.

PERERA BARNHART ALEMÁN
12401 Orange Drive· Suite 123 · Davie, FL 33330
300 Sevilla Avenue · Suite 206 · Coral Gables, FL 33134
www.pba-law.com · Phone (786) 485.5232

**COUNT II**
**OVERTIME VIOLATIONS AGAINST ROSALIE APPLEBAUM UNDER THE FAIR LABOR STANDARDS ACT**

45. Plaintiff re-alleges and incorporates by reference the allegations in paragraphs 1 through 2, 4, 6-7, 15-25, 27-28, 30, 32-34 above as if fully set forth herein.

46. Rosalie Applebaum operated the day-to-day activities of USA, had supervisory authority over Plaintiff, and was partially or totally responsible for paying Plaintiff's wages.

47. During Plaintiff's employment with Defendants, Plaintiff consistently worked for Defendants over 40 hours per week.

48. During the relevant period, Rosalie Applebaum was partially or totally responsible for paying Plaintiff's wages.

49. During his employment with Defendants, Plaintiff worked overtime hours for which he was not compensated at a rate of time-and-a-half his regularly rate of pay as required by the FLSA.

50. Plaintiff is owed unpaid overtime compensation pursuant to the FLSA.

51. Rosalie Applebaum did not compensate Plaintiff for his overtime despite her knowledge of the overtime hours Plaintiff worked.

52. Applebaum is also jointly and severally liable for double the overtime amounts owed as liquidated damages under the FLSA as a result of his intentional and willful violation of the FLSA for up to the three-year statute of limitations afforded by the FLSA.

8 | P a g e

PERERA BARNHART ALEMÁN
12401 Orange Drive· Suite 123 · Davie, FL 33330
300 Sevilla Avenue · Suite 206 · Coral Gables, FL 33134
www.pba-law.com · Phone (786) 485.5232

**WHEREFORE,** Plaintiff respectfully requests that the Court:

a. Enter judgment for Plaintiff against Rosalie Applebaum under the FLSA;

b. Award Plaintiff actual damages for the unpaid wages;

c. Award Plaintiff liquidated damages;

d. Award Plaintiff his attorneys' fees and costs;

e. Award Plaintiff all recoverable interest; and

f. Award any other relief this Honorable Court deems just and proper.

### COUNT III
### OVERTIME VIOLATIONS AGAINST MARK APPLEBAUM UNDER THE FAIR LABOR STANDARDS ACT

53. Plaintiff re-alleges and incorporates by reference the allegations in paragraphs 1 through 2, 5-7,15-26, 28-29, 31-34 above as if fully set forth herein.

54. Mark Applebaum operated the day-to-day activities of USA, had supervisory authority over Plaintiff, and was partially or totally responsible for paying Plaintiff's wages.

55. Mark Applebaum scrutinized Plaintiff's work and controlled how Plaintiff did his job.

56. During Plaintiff's employment with Defendants, Plaintiff consistently worked for Defendants over 40 hours per week.

57. During the relevant period, Mark Applebaum was partially or totally responsible for paying Plaintiff's wages.

PERERA BARNHART ALEMÁN
12401 Orange Drive· Suite 123 · Davie, FL 33330
300 Sevilla Avenue · Suite 206 · Coral Gables, FL 33134
www.pba-law.com · Phone (786) 485.5232

58. During his employment with Defendants, Plaintiff worked overtime hours for which he was not compensated at a rate of time-and-a-half his regularly rate of pay as required by the FLSA.

59. Plaintiff is owed unpaid overtime compensation pursuant to the FLSA.

60. Mark Applebaum did not compensate Plaintiff for his overtime despite her knowledge of the overtime hours Plaintiff worked.

61. Mark Applebaum is also jointly and severally liable for double the overtime amounts owed as liquidated damages under the FLSA as a result of his intentional and willful violation of the FLSA for up to the three-year statute of limitations afforded by the FLSA.

**WHEREFORE,** Plaintiff respectfully requests that the Court:

   a. Enter judgment for Plaintiff against Mark Applebaum under the FLSA;
   b. Award Plaintiff actual damages for the unpaid wages;
   c. Award Plaintiff liquidated damages;
   d. Award Plaintiff his attorneys' fees and costs;
   e. Award Plaintiff all recoverable interest; and
   f. Award any other relief this Honorable Court deems just and proper.

## JURY TRIAL

Plaintiff hereby requests a trial by jury with respect to all claims so triable.

PERERA BARNHART ALEMÁN
12401 Orange Drive· Suite 123 · Davie, FL 33330
300 Sevilla Avenue · Suite 206 · Coral Gables, FL 33134
www.pba-law.com · Phone (786) 485.5232

Dated:  May 14, 2020

                Respectfully submitted,

                By:  */s/ Brody M. Shulman*
                J. Freddy Perera, Esq.
                Florida Bar No. 93625
                freddy@pba-law.com
                Brody M. Shulman, Esq.
                Florida Bar No. 92044
                brody@pba-law.com
                Stepanka Hofmanova, Esq.
                Florida Bar No.: 1018839
                stepanka@ pba-law.com

                **PERERA BARNHART ALEMAN, P.A.**
                12401 Orange Drive, Suite 123
                Davie, Florida 33330
                Telephone: 786-485-5232
                *Counsel for Plaintiff*

11 | P a g e
PERERA BARNHART ALEMÁN
12401 Orange Drive· Suite 123 · Davie, FL 33330
300 Sevilla Avenue · Suite 206 · Coral Gables, FL 33134
www.pba-law.com · Phone (786) 485.5232