UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 20-80800-Civ-Brannon

ARTHUR EISENSTEIN,

    Plaintiff,

vs.

UNIFORM SECURITY AGENCY, LLC,
ROSALIE APPLEBAUM, and
MARK APPLEBAUM,

    Defendants.

_____/

## ORDER APPROVING SETTLEMENT AGREEMENT AND DISMISSING CASE WITH PREJUDICE

THIS CAUSE is before the Court following a fairness hearing held on September 10, 2020. The Court has carefully reviewed the terms of the parties' final settlement agreement and is otherwise fully advised.

Plaintiff alleges that Defendants failed to pay him overtime wages as required under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201-219 [DE 1]. Defendants filed an Answer denying Plaintiff's FLSA claims and asserting affirmative defenses [DE 12]. After engaging in the Court-ordered exchange of preliminary information in FLSA cases, the parties attended a settlement conference at which time they fully resolved this case [DE 27]. The parties thereafter memorialized the terms of their settlement in a final written agreement that has been fully executed by the parties and submitted to the Court for review.

When a private action brought under the FLSA is settled, the Court "may enter a stipulated judgment after scrutinizing the settlement for fairness." *Lynn's Food Stores,*

1

*Inc. v. U.S.*, 679 F.2d 1350, 1353, 1355 (11th Cir. 1982).  The Court must find that the settlement is a "fair and reasonable resolution of a bona fide dispute over FLSA provisions."  *Id.* at 1355.  While FLSA provisions are mandatory, the Eleventh Circuit recognizes that there may be bona fide disputes as to FLSA coverage and thus, the Court may approve a settlement to "promote the policy of encouraging settlement of litigation."  *Id.* at 1354.  Where, as here, a settlement agreement is entered into in an adversarial context with both sides represented by counsel throughout the litigation, the settlement agreement is "more likely to reflect a reasonable compromise" over disputed issues.  *Id.*

Following an independent review of the record and after a full review of the represented parties' fully-executed settlement agreement, the Court finds that the settlement represents a fair and reasonable resolution of the parties' bona fide disputes in this contested matter.  Among other things, the agreement includes a detailed breakdown of the settlement payments to be made to Plaintiff and his counsel and mutual general releases.  In all, the agreement represents a reasonable compromise that avoids the costs and uncertainty of further litigation.

Accordingly, the Court **ORDERS AND ADJUDGES** that the parties' settlement agreement is **APPROVED**.  The Court retains jurisdiction to enforce the settlement agreement's terms, if necessary.  This case is **DISMISSED WITH PREJUDICE**.  The Clerk of Court shall **CLOSE THIS CASE**.

DONE AND ORDERED in Chambers at West Palm Beach in the Southern District of Florida, this 10th day of September, 2020.

                                                    DAVE LEE BRANNON
                                                    U.S. MAGISTRATE JUDGE